MaNLy, J.
 

 Tho equity of the bill depends upon tho construction of the deed of Bobert Martin, dated 13th. March,
 
 *181
 
 1835. The question is, whether that deed creates a trust, in equity, for the separate use of the wife. After an attentive consideration of its contents, we think it does not.
 

 The deed conveys to the feme covert, the slave, in terms appropriate to a common law conveyance of the absolute legal estate. No word is used from which it can be inferred, that the property ivas to be held in trust for her ; but, on the contrary, it is signified in the strongest and most direct terms, that she was to have the legal estate and' the legal control. After thus disposing of it, the declaration is made that said property is not to be at the disposal of her husband, in any manner whatever, but is to remain the inheritance of the said feme and the heirs of her body forever. The purpose to exclude the husband from a power of disposal is manifest, but this purpose is inconsistent with the previously expressed purpose, equally manifest, that she should have the absolute legal estate. As the husband’s responsibility for his wife and children is great, the law invests him with rights in the wife’s estate to aid him in meeting this responsibility, and the courts will not divest him of them upon light grounds.
 

 It seems to ns, a constructive trust allowed
 
 to
 
 have this effect, ought to be raised only in case some word is used to signify an intention to withdraw the property from the woman’s absolute legal control and to establish a trust for her, to the exclusion of her husband. To give in terms appropriate and explicit, a legal estate to a married woman, without such word, and then to declare her husband shall not have the disposal of it, is to express inconsistent ideas. Which of them was paramount in the mind of (lie donor, and, consequently, what was his intention, we do not certainly know. But the obvious inference, from the language used is, that he intended his daugliter should have the absolute legal estate and control without the tramcls and expense of a trust; and that his son-in-law should not dispose of the same in any manner. The one is as manifest as the other, and these are inconsistent intentions which cannot stand together. In respect to wills, that arc construed with more leniency than deeds, we are not
 
 *182
 
 aware of any case in which a trust has been held to exist, unless words are used indicating a purpose to make a trust. However inartificial, or wanting in technicalities, some phrase was used, from which such an intention was gathered. In the cases in North Carolina, to which our attention has been directed, where constructive trusts for married women have been the subjects of consideration, words indicating a purpose to raise a trust, (such as, use, benefit or trust) have been uniformly employed, with one exception, and the question has not been as to the existence of the purpose, but as to its effect in excluding the husband from participation as a
 
 cestui qui trust. ' *
 

 The exception referred to, is
 
 Ashecraft
 
 v. Little, 4 Dev. Eq. 236, whore the omission of such words as might indicate a purpose to establish a trust, was lost sight of or postponed to another defect, that was fatal to the equity of the bill. That case did not turn at all upon the point that is now before us.
 

 In the case of
 
 Marrgetts
 
 v.
 
 Barringer,
 
 10 Eng. Con. Chan. 158, which is relied on by complainants as authority, the words are “
 
 to the sole
 
 use” of the feme covert, which distinguishes it from the case before us, and shows an intention to create a trust or use in the property, distinct from the legal estate.
 

 We are of opinion, therefore, that while it sufficiently appears, the donor of the slave desired to exclude the husband from any right of property in the same, it does not sufficiently appear that he desired or intended to accomplish it by the only mode that could be effectual for that purpose.
 

 The wife took an absolute legal estate in the slave, Dinah, and her increase, and they were subject to the matrimonial rights of the husband.
 

 Pee Curiam, Bill dismissed with costs.